IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GREAT WEST CASUALTY COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:20-CV-404 (MTT) |
| | ) | |
| **DIVERSIFIED TRANSPORTATION SERVICES, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

In this case, Plaintiff Great West Casualty Company seeks a declaratory judgment that it owes no duty to defend or indemnify its insured, Defendant Diversified Transportation Services, LLC, in an underlying lawsuit. Doc. 1. The underlying suit involves state law claims against Diversified for breach of contract, negligent construction, and negligent repair. Doc. 1-1. The underlying case was originally filed in the Magistrate Court of Washington County.[1] Docs. 1 ¶ 11; 15 ¶ 11.

The Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Great West alleges that the Court has jurisdiction over this case pursuant to the Federal Declaratory Judgment Act. Doc. 1 ¶ 4. However, the Federal Declaratory Judgment Act alone does not grant federal courts jurisdiction. *Borden v.*

---

[1] Georgia magistrate courts have jurisdiction over civil suits only when the amount demanded is no more than $15,000. O.C.G.A. § 15-10-2(5).

*Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) ("[A] suit brought under the [Federal Declaratory Judgment Act] must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."). Great West also alleges that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. *Id*. The Court, however, is not convinced.

Usually, a court will accept a plaintiff's allegations regarding the amount in controversy, and dismissal is only appropriate when "it is apparent, to a legal certainty, that the plaintiff cannot recover [the jurisdictional amount in controversy]." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, when a party seeks an indeterminate amount of damages, such as a declaratory judgment, the party seeking federal court jurisdiction must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *D and R Party, LLC v. Party Land, Inc.*, 406 F.Supp. 2d 1382, 1384 (N.D. Ga. 2005) (citing *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). To determine whether the jurisdictional amount is reached, a court measures "the value of the litigation solely from the plaintiff's perspective[.]" *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218-19 (11th Cir. 1997).

In declaratory judgment actions in which the validity of an entire insurance contract is at issue or when a claim is for the full policy limit, the face value of the policy is the amount in controversy. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1357 (11th Cir. 2005); *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)

(citing 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3710 (3d ed. 1998)).  However, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim.'" *Company Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, 2013 WL 5770730, *2 (S.D. Fla. Oct. 24, 2013) (quoting *Hartford*, 293 F.3d at 911).  In other words, when coverage of a single occurrence or claim is at issue, and the full policy amount is not sought, the policy limits are not the amount in controversy.  *Scottsdale Ins. Co. v. Calhoun Hunting Club and Lounge*, 360 F.Supp. 3d 1262, 1266 (N.D. Ala. Dec. 26, 2018); *Kelly v. Gen. Star Nat'l Indem. Co.*, 2007 WL 3034654, *2 (M.D. Fla. Oct. 16, 2007); *Martins v. Empire Indem. Ins. Co.*, 2008 WL 783762, * 2 (S.D. Fla. Mar. 21, 2008).

Here, the applicable policy limit appears to be above $75,000.  Doc. 1-2 at 81, 93.  However, Great West is not seeking a declaratory judgment that the entire policy is invalid, and the underlying claim is not for the entire policy amount.  Doc. 1.  Rather, Great West argues that it does not have a duty to defend or indemnify Diversified for one specific claim.  Docs. 1 at 11; 24 at 1.  The underlying claim appears to seek much less than $75,000.  The underlying complaint alleges that "the [estimated] cost of repairing [Diversified's] negligent work to be no less than $15,000.00" and Diversified completed the allegedly negligent work for only $12,500.00.  Doc. 1-1 ¶¶ 9, 18.  Even considering the potential cost of defending the underlying lawsuit, the Court is not yet convinced that the jurisdictional amount in controversy is satisfied.

Accordingly, the parties are **ORDERED** to submit briefs within fourteen days addressing whether the Court has subject matter jurisdiction over this case.

**SO ORDERED**, this 22nd day of April, 2021.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT